**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Multi-Chem Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **PROTECTIVE ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| 3Chem, LLC, Tim Gabel, Pam Klabo, and | ) | |
| Shane Sowatzki, | ) | |
| | ) | Case No. 1:13-cv-006 |
| Defendants. | ) | |

Pursuant to the court's separate memorandum opinion and order of this same date, it is hereby **ORDERED** as follows:

1. As used in this Protective Order, the following terms shall have the following meaning unless the context clearly provides otherwise:

    a. "Protected Material" means all documents, testimony, or other information that have been marked or designated as being Protected Material in the manner provided for by this Protective Order, including copies or other reproductions of any material so marked or designated.

    b. "Party" or "parties" shall include the employees, agents, successors, assigns, and attorneys of the party or parties named in this lawsuit

    c. "Termination of the Litigation" shall mean the entry of final, non-appealable dismissal or judgment.

2. Any party may mark or designate as Confidential or Protected Material any documents, testimony, or other information produced or generated during this litigation that the party in good

faith reasonably believes is properly the subject of a protective order under the Federal Rules of Civil Procedure because it contains: (i) trade secrets, proprietary information, or commercially sensitive information the dissemination of which has a significant likelihood of damaging the party's business position in the marketplace; or (ii) personal information the disclosure of which would constitute an unwarranted invasion of privacy.

    3. Any party may challenge a designation of Protected Material by filing a motion with the court, but only after first attempting to resolve the matter with the other parties. The party claiming the benefit of the designation of Protected Material shall have the burden of persuasion.

    4. Except as otherwise provided herein, Protected Material that has been marked or designated by a party in accordance with this Protective Order may only be used by the other parties for purposes of this litigation and no other circumstances. The other parties shall keep the Protected Material confidential, except that access to the Protected Material may be given as follows:

    a.    To personnel who are directly employed by counsel of record for the other parties, provided that they maintain the confidentiality of the Protected Material and that counsel of record shall be responsible for their compliance with this Protective Order.

    b.    To experts or consultants retained for purposes of the litigation subject to the requirements of paragraph 5 of the Protective Order.

    c.    To witnesses and prospective witnesses, but only to the extent necessary for their testimony or the preparation for their testimony.

    d.    To the court, its staff, and to any privately engaged stenographic reporters.

    5. The following applies to the Protected Material disclosed to experts and consultants

pursuant to this Protective Order:

    a.    No Protected Material may be disclosed to an expert or consultant until that person has been provided with a copy of the Protective Order, the person has agreed to be bound by its provisions, and the person has acknowledged his or her agreement in writing. Counsel providing access to the Protected Material shall maintain a list of names of all experts and consultants to whom the Protected Material has been provided as well as copies of the written acknowledgments signed by the experts or consultants.

    b.    Experts and consultants who have been provided access to Protected Material shall use the Protected Material only for the purposes of this litigation and not for any other purpose.

    c.    Any expert or consultant who has been provided Protected Material pursuant to this Protective Order shall, not later than thirty (30) days following the Termination of the Litigation in this action, (i) destroy the Protected Material or return it to the party or its counsel who provided the expert or consultant with the Protected Material and (ii) indicate to that party or its counsel that the Protected Material has all been destroyed or returned.

6. If documents constituting Protected Material are used during a deposition, they will be marked as exhibits or otherwise referred to with enough specificity so that they can later be easily identified, and, if marked as deposition exhibits, the original exhibits will be sealed with the original deposition transcript. If a party desires to claim information discussed during a deposition as Protected Material, counsel for the party may designate the appropriate portions of the deposition

transcript by page and line number as Protected Material provided that counsel does so within thirty (30) days following receipt of the deposition transcript and serves the designation upon counsel for the other parties.

7. If a party desires to file any deposition testimony, deposition exhibit, discovery request or response, affidavit, motion, brief, or other document that includes, incorporates, or quotes specific Protected Material, it shall follow the court's requirements and procedures for filing under seal unless the court orders otherwise.

8. Any party desiring to use Protected Material during the trial must first seek permission from the court. The sealing of a trial record or closure of trial proceedings involves a number of considerations that are not presently before the court and will be dealt with at that time.

9. Inadvertent or unintentional production of Protected Material by a party claiming confidentiality shall not be deemed a waiver in whole or in part of that party's claim of confidentiality.

11. The party who has marked or designated specific documents or information as Protected Material may agree, either in writing or verbally on the record during any deposition or court proceeding, to declassify any such material, at which point it will no longer be deemed Protected Material.

12. Any party or counsel who has been provided Protected Material marked or designated by another party shall, no later than sixty (60) days following Termination of the Litigation in this action, (i) destroy the Protected Material or return it to counsel for the party marking or designating the Protected Material, and (ii) provide a letter to counsel for the party marking or designating the Protected Material indicating that all of the Protected Material has been returned or destroyed.

13. Information provided by third persons or entities may be designated as "Protected Material" by agreement of the parties or by court order and the provisions of this Protective Order shall apply to such Protected Material as appropriate.

14. No party may designate material for attorney's eyes only or similar designation (herein "Attorney's Eyes Only Material") in the absence of the attorneys for the parties reaching an agreement that the specific material in question shall be so designated unless the party obtains a court order allowing for such a designation. The procedure to be followed in designating Attorney's Eyes Only Material shall be as follows:

    a. The party seeking to designate material for attorney's eyes only shall submit the material to the attorneys for the receiving parties who shall not disclose the information to third persons, except for their staff, until the matter of the designation has been agreed upon or the court orders the designation.

    b. The party seeking to designate the material for attorney's eyes only shall seek the agreement of the attorneys for the receiving parties as to the designation of Attorney's Eyes Only Material for each specific item submitted to the attorneys for the receiving parties.

    c. If an agreement cannot be obtained, then the party seeking the designation may move the court for relief as to those specific items where an agreement could not be reached.

Where material has been designated Attorney's Eyes Only Material either by agreement of the attorneys for the parties or by court order, the following shall apply in the absence of a written agreement between the attorneys for the parties or a court order to the contrary:

a. The attorneys for the receiving party shall not disclose the Attorney's Eyes Only Material to the receiving party or to any other persons (including retained experts and consultants) absent an agreement with the designating party or a court order providing otherwise, except that the attorneys for the receiving party may disclose the material to their staff (who must agree to abide by the restrictions of the designation) or to the court under seal.

b. Attorney's Eyes Only Material shall not be used as evidence absent the specific agreement of the attorneys for the parties or a court order.

c. If <u>any</u> party wishes to use Attorney's Eyes Only Material during a deposition or at trial, the party shall discuss it with the other parties at least ten days prior to the deposition or trial. If the parties are unable to agree in advance of the deposition or trial to the use of the Attorney's Eyes Only Material, the parties are to immediately contact the supervising magistrate judge at least two business days prior to the deposition or trial. Failure to abide by this provision may result in the imposition of costs, including the costs of rescheduling, retaking, or supplementing a deposition.

d. The designating party may not disclose Attorney's Eyes Only Material to experts or consultants retained specifically for the purpose of this litigation absent the specific agreement of the parties or a court order.

e. Except as otherwise set forth above, the right of the designating party to use Attorney's Eyes Only Material is not restricted, but it may be grounds for the court ordering that the material is not entitled to such a designation.

    f.    Notwithstanding any prior agreement by a party or a court order, a party may at any time move the court for a court order seeking to remove the Attorney's Eyes Only Material designation provided the party has first sought to resolve the matter with the other parties. The party claiming the benefit of the designation of Attorney's Eyes Only Material shall have the burden of persuasion.

15. The court retains jurisdiction over the subject matter of this Protective Order, the parties to this action, and any persons and entities provided with Protected Material or Attorney's Eyes Only Material pursuant to this Protective Order, even after the entry of judgment in this action, to hear any motions to resolve any disputes with respect to this Protective Order.

Dated this 7th day of August, 2013.

                                                        */s/ Charles S. Miller, Jr.*
                                                        Charles S. Miller, Jr., Magistrate Judge
                                                        United States District Court